GAUSE v CHRYSLER CORPORATION

PLEADING—COMPLAINT—AMENDMENT—REHEARING—DISCRETION.

A trial judge did not abuse his discretion by granting summary judgment to a defendant where a plaintiff failed to allege in his complaint facts that would entitle him to relief and by denying a plaintiff's motions for rehearing and to amend his complaint where the motion to amend the complaint was not timely filed and plaintiff was required to obtain leave of court and where no facts were ever pleaded by the plaintiff.

Appeal from Wayne, Joseph A. Moynihan, J. Submitted Division 1 May 15, 1973, at Detroit. (Docket No. 15107.) Decided July 25, 1973.

Complaint by Lee Gause against Chrysler Corporation for pension benefits. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Dietrich & Shrauger,* for plaintiff.

*Keith A. Jenkins* and *Walter B. Maher,* for defendant.

Before: R. B. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

R. B. BURNS, P. J. Plaintiff was involved in an automobile accident. He applied for a disability pension, as provided for in the agreement between his union, the UAW, and his employer, Chrysler Corporation. His application for a pension was

REFERENCE FOR POINTS IN HEADNOTE
61 Am Jur 2d, Pleading § 314.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

submitted to the UAW—Chrysler Board of Administration, the body designated in the pension plan to determine the eligibility of applicants for pension benefits. His application was denied.

Plaintiff then instituted proceedings in the Wayne County Circuit Court, alleging that he was entitled to pension benefits under the collective bargaining agreement between UAW and Chrysler Corporation. Defendant filed a motion for summary judgment claiming that plaintiff had failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). The trial judge granted defendant's motion.

The trial judge was correct. As stated by Justice SOURIS in *Sheremet v Chrysler Corp*, 372 Mich 626, 632, 636; 127 NW2d 313, 316, 318 (1964):

"This appeal has been briefed and argued to us on the parties' mutual assumption that but for the facts adduced from the exhibits attached to defendant's motion to dismiss, plaintiff's bill would be adequate legally to compel defendant to file its answer thereto and to entitle plaintiff to a determination on the merits. In my judgment, it is not. It seems to me that before this Court, or any court, accepts an invitation from litigants, even when extended by both sides, * * * it should insist that the questions be framed properly by pleadings, at the very least, which arguably entitle the plaintiff to judicial relief.

\* \* \*

"The long and the short of it is that plaintiff's bill fails utterly to allege any right of plaintiff breached by defendant for redress of which plaintiff is entitled to a court's process."

In the present case plaintiff failed to allege in his complaint facts that would entitle him to relief.

After the order for summary judgment was en-

tered for defendant, plaintiff filed a motion for rehearing and a motion to amend his complaint.

Procedure for amendments is set forth in GCR 1963, 118.1:

"A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires."

Defendant filed its motion for summary judgment March 20, 1972. The order for summary judgment was entered April 21, 1972 and plaintiff filed his motion to amend his complaint and motion for rehearing May 15, 1972. Therefore, plaintiff was required to obtain leave of the court to file an amended complaint. The rule and cases require leave to be freely given when justice requires.

No facts were ever pleaded by the plaintiff. However, the following facts may be gleaned through argument of counsel.

When plaintiff submitted his application for a disability pension to the UAW-Chrysler Board of Administration, he also submitted a report from his attending physician, Dr. Barkay, dated January 26, 1971, that he was disabled.

The defendant appointed Dr. Ruhl to examine the plaintiff on behalf of the corporation, and his report submitted February 1, 1971 found that the plaintiff was not permanently totally disabled.

The board appointed Dr. Lanard to examine the plaintiff and he also found plaintiff was not permanently totally disabled on May 5, 1971.

Section 7 of the pension plan provides in part:

"In any case where the Board of Administration is required to make a finding with respect to the permanent total disability of any employee applying for, or of any retired employee during, retirement for permanent total disability, the employee (which term in the remainder of this Section (7) shall be applicable to an employee retired for permanent total disability) *first shall be required to submit to an examination by a physician who shall have been appointed for the purpose* by *the Corporation for his medical opinion* whether the employee has been totally disabled, whether the employee's total disability has existed continuously for a period of at least six consecutive months and whether the employee's total disability will be permanent and continuous during the remainder of his life, *and if requested by the Board of Administration, also by a physician selected by the Board of Administration,* who shall be paid from the Pension Fund." (Emphasis supplied.)

The trial judge did not abuse his discretion by denying the plaintiff rehearing or denying his motion to amend his pleading.

Affirmed. Costs to defendant.

All concurred.